IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60583
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellant,

versus

JAMES ABDUL SMITH,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:97-CR-103-LN-ALL
--------------------

September 3, 1999

Before KING, Chief Judge, EMILIO M. GARZA, and STEWART, Circuit
Judges.

PER CURIAM:*

        James Abdul Smith was convicted for attempted possession
with intent to distribute cocaine base.  Smith argues that the
evidence was insufficient to support his conviction for attempted
possession with intent to distribute crack cocaine.  Smith makes
essentially three separate arguments to support his assertion.
First, Smith asserts that it was impossible for him to commit the
offense because there were no drugs to be had from the
cooperating individual.  "[F]actual impossibility is not a

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

defense if the crime could have been committed had the attendant circumstances been as the actor believed them to be. <u>United States v. Conway</u>, 507 F.2d 1047, 1050 (5th Cir. 1975)." <u>United States v. Contreras</u>, 950 F.2d 232, 237 (5th Cir. 1991). There can be no argument that Smith could not have attempted to and ultimately possessed the crack cocaine if the cooperating individual had the cocaine in his hotel room. This argument has no merit.

Second, Smith asserts that he did not take a substantial step toward the commission of the crime because he abandoned his attempt to buy the cocaine base. "To be convicted of attempt under 21 U.S.C. § 846, a defendant 'must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting,' and 'must have engaged in conduct which constitutes a substantial step toward commission of the crime[.]'" <u>United States v. Stone</u>, 960 F.2d 426, 433 (5th Cir. 1992) (citations omitted). "A substantial step is one which strongly corroborates the `firmness of the defendant's intent.'" <u>United States v. Briscoe</u>, 742 F.2d 842, 846 (5th Cir. 1984) (citation omitted). "The acts, considered alone, must `mark the defendant's conduct as criminal in nature.'" <u>Id</u>. (citation omitted). Viewed in the light most favorable to the verdict, the evidence showed that Smith and another individual met the cooperating individual at a designated location, and asked to see the narcotics. The other individual had a device used to smoke crack for the purpose of testing the crack prior to the sale. Smith did not wish to do the

transaction in the open parking lot and suggested alternate locations. Although Smith did not show the money, he insisted to the cooperating individual, up to the very moment of arrest that he was interested in completing the transaction. These facts were sufficient to support the conviction for attempted possession of crack cocaine.

Smith asserts that the district court erred in refusing to give the jury the requested instruction on abandonment. In United States v. Pettigrew, 77 F.3d 1500, 1514 (5th Cir. 1996), a case dealing with withdrawal from a conspiracy, the court held that the defendant was not entitled to a withdrawal instruction where there was no evidence that the defendant had withdrawn from the conspiracy. There is no evidence that Smith abandoned his attempt to buy the crack. This issue has no merit.

Smith asserts that the district court erred in denying his motion for a new trail based on a claim of juror misconduct. Rule 606(b), Fed. R. Evid., provides that "a juror may testify [only] on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." This also applies to statements or affidavits made by jurors. Id. In cases involving egregious factual assertions of intentional juror misconduct, this court has held that Rule 606(b) did not allow the jurors to impeach their verdicts. See United States v. Ortiz, 942 F.2d 903, 909-13 (5th Cir. 1991); United States v. Marrero, 904 F.2d 251, 261 (5th Cir. 1990). This issue has no merit.

AFFIRMED.